STATE, MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK, PROSECUTORS, v. ARAM G. SAYRE ET AL., COMMISSIONERS.

1. Commissioners appointed by the Circuit Court to award compensation to owners of land damaged by a change of grade in the streets of Newark, have no power to make such awards in cases where no house or other building was erected on the land at the time of the alteration of grade.

2. An award made in such a case, although confirmed by the Circuit Court on motion of the city counsel, will be set aside on *certiorari*, at the instance of the municipal corporation.

---

*Certiorari* directed to the Circuit Court of Essex county and to the commissioners of assessment.

Argued at June Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the prosecutor, *H. Young.*

For the defendant, *C. Borcherling.*

State, Newark, pros., v. Sayre.

The opinion of the court was delivered by

Dixon, J. The *certiorari* in this case brings up the proceedings of the Essex county Circuit Court and of the commissioners appointed by it in the matter of making compensation to owners of property damaged by changing the grade of Washington avenue, in the city of Newark.

The court, at the last term, ordered the writ dismissed, so far as it brought into question the compensation made to the owners of land upon which a house or other building had been erected at the time of the changing of the grade, and it only remains to be determined as to the owners of other lands.

The statutes under which awards on the alteration of grades are made, are the supplements to the city charter found in *Pamph. L.,* 1866, *p.* 571, § 1; in *Pamph. L.,* 1868, *p.* 793, § 1, and in *Pamph. L.,* 1869, *p.* 672, § 3. This last section expressly limits the awards to " cases where a house or other building was erected upon the land at the time of such alteration," and the damages are to be confined to " those which the owner of said house or building has suffered or shall suffer by reason of such alteration." As the claim of the land owners can stand on these statutes alone, it is plain that those who had no " house or other building" erected on their land at the time of the alteration of grade, have no legal right to compensation, and the awards made to them must be set aside, unless some of the reasons alleged for the non-interference of this court be sufficient.

It is said that the writ of *certiorari* should be wholly dismissed, because the municipality which prosecutes it is not interested in the question of awards, since they are to be met by assessments upon the property benefited. This suggestion, however, is fully answered by the fact that these assessments may prove inadequate; and any deficiency must be paid by the city.

It is further urged that the supplement of 1875, (*Pamph. L., p.* 249,) which gives the Circuit Court power to confirm the report of the commissioners, makes the report, so con-

firmed, final and conclusive upon both the city and the land owners, and therefore this court has no jurisdiction. Such a provision, however, will not deprive this court of its supervisory power, by *certiorari*, to restrain special tribunals within their lawful limits. *Traphagen* v. *West Hoboken*, 10 *Vroom* 232.

In making the awards now under review, the commissioners of assessment transgressed the bounds of their authority, and hence the court will review and vacate their proceedings.

Finally, these land owners insist that, as the city counsel moved for the confirmation of the awards before the Circuit Court, the city is estopped from now questioning the propriety of that confirmation. If this motion to confirm be relied upon as an estoppel *in pais*, the difficulty is that none of the other elements of such an estoppel appear in the case. *Phillipsburg Bank* v. *Fulmer*, 2 *Vroom* 52. If it be presented as an estoppel by the record, then, first, no such record is returned with the writ, and, second, no consent could confer upon the court, acting under this special statutory authority, power to render a binding judgment outside of the limits of that jurisdiction which the statute itself had fixed. *Dudley* v. *Mayhew*, 3 *Comst.* 9.

These awards must be set aside. On the judgment of dismissal, costs will be allowed.

The judgment of reversal will be without costs.